IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUAN E. CRUZ et al,
                    Plaintiffs,

v.                                                        Civil Action No. 3:16-cv-00840-JAG

WELLS FARGO BANK, N.A. et al,
                    Defendants.

## OPINION

The pro se plaintiffs in this case brought a complaint against Wells Fargo Bank, N.A. ("Wells Fargo") and other defendants alleging wrongful foreclosure, fraud, and violations of the Virginia Fair Business Practices Act, Virginia's Uniform Deceptive Trade Practices Act, and the federal Fair Debt Collection Practices Act.

On October 14, 2016, the defendants removed the case from Spotslyvania County to this Court. October 21, 2016, the defendants filed a motion to dismiss with a *Roseboro* notice directing the plaintiffs to respond within 21 days. On February 2, 2017, the Court directed the plaintiffs to respond to the motion to dismiss within fourteen days. The Court warned that failure to do so would result in termination of the case without prejudice.

A district court "has the inherent authority to dismiss a case for failure to prosecute." *U.S. ex rel. Curnin v. Bald Head Island*, 328 F. App'x 882, 883 (4th Cir. 2009) (citation omitted). Although this Court dismisses the plaintiffs' case without prejudice, the Fourth Circuit has instructed district courts dismissing cases with prejudice that they must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4)

the effectiveness of sanctions less drastic than dismissal." *Id.* (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir.1990)).

Here, the plaintiffs have demonstrated no interest in pursuing their claims before the Court and must be held responsible for their lack of action. Next, the the defendants currently do not know whether this Court will approve the injunctive relief the plaintiffs request to stop the foreclosure proceedings and are otherwise prejudiced with this lingering litigation. Third, the plaintiffs initially failed to respond to the defendants' motion to dismiss for over three months, despite the defendants' *Roseboro* notice, and then again failed to respond to the motion at this Court's direct order. Finally, the Court dismisses the complaint without prejudice, as opposed to with prejudice, opting for a less drastic sanction by granting the plaintiffs leave to refile their claims.

The Court, therefore dismisses the case without prejudice for a failure to prosecute.

Let the Clerk send a copy of this Opinion to the pro se plaintiff and to all counsel of record.

Date: _February 27_, 2017
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge